CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
February 19, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LOGAN EUGENE BEVILL,** | ) |
| Plaintiff, | ) Case No. 7:24CV00042 |
| v. | ) **OPINION AND ORDER** |
| **SGT. C. FRICK, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Logan Eugene Bevill, Pro Se Plaintiff; Nathan H. Schnetzler,* FRITH ANDERSON + PEAKE, P.C., *Roanoke, Virginia, for Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983, complaining that a local jail official pepper sprayed him for something he did not do. The matter is before me now on Bevill's Second Amended Complaint and the defendants' Motion to Dismiss. After review of the record, including Bevill's previous verified Complaints, I conclude that the defendants' motion must be granted in part and denied in part.

I.   BACKGROUND.

In the initial Complaint, signed under penalty of perjury, Bevill indicated that the incident on which he was basing his § 1983 claims occurred at the Patrick County Jail (PCJ). Bevill's factual allegations were sparce:

> I was pepper sprayed 2 times while in handcuffs, once while I was on the floor and again while I was going out the door for something I didn't do.

Compl. 2, ECF No. 1.[1]  The only defendant listed on the Complaint was "Sgt. C. Frick." *Id.* at 1.

After reviewing this submission, the magistrate judge issued an Order notifying Bevill that his Complaint did not state any claim against the defendant, because it did "not state any facts about what Frick did that violated [Bevill's] constitutional rights, how he was affected by Frick's actions, or even when the events at issue occurred or under what circumstances." Order 1, ECF No. 5. The Order gave Bevill thirty days to file an Amended Complaint to correct these deficiencies or the case would be dismissed without prejudice. This Order also warned Bevill that an Amended Complaint "must be a new pleading to take the place of his current Complaint" and "must state sufficient facts about relevant events, when they occurred, what the defendant, personally, did that violated Bevill's constitutional rights, and how Bevill was harmed by the defendant's actions." *Id.* at 1-2.

Bevill filed an Amended Complaint, dated February 2, 2024, and signed under penalty of perjury, ECF No. 6. This pleading named Frick as a defendant and added

---

[1] Citations to the record in this case will use the document numbers and page numbers assigned by the court's electronic filing system in this case.

the PCJ and two other PCJ officers, Dillon and White, as defendants. This pleading provided additional details about Bevill's claims:

> I was [w]rongly denied my juice at lunch time, [I] cussed about [ ] not getting one because the C.O. White, C.O. Dillon, and Sgt. Frick were calling me a liar. Sgt. Frick told me to cuff up. Then I tried to tell Sgt. Frick that I wasn't lying. Then she pulled out pepper spray. I told her all I wanted was my juice and I wasn't lying and I didn't get one. Then they all 3 slammed me to the ground, then pepper sprayed (maced) me, then cuffed my hands behind my back. Then they stood me up and while CO. Dillon had one arm and CO. White had the other arm, holding me on my feet while, I can't see because I had already been sprayed, when Sgt. Frick walked in front on me and sprayed me again and continued to spray me for no reason, I was not resisting. Then Sgt. Frick hi[t] me in the face with one of the giant cans of mace. Not a small can, the big can with the handle on it. When she hit me it knocked me out. Then CO. Dillon and CO. White dragged me out and down the hall while I was knocked out, . . . and continued to assault me and spray me with mace . . . . I was harmed physically, emotionally, and psyc[h]ologically by these offen[s]es, and I am now afraid of the police, and I was and continue to be harassed and embarrassed by them. This will make me afraid for the rest of my life. I am likely to suffer from depression and PTSD because of these officers' actions.

Am. Compl. 2–3, ECF No. 6. This pleading also added Claim 2, asserting that Frick assaulted Bevill with a weapon by hitting him with a can of mace. As relief, Bevill sought two hundred thousand dollars and an apology.

Two months later, Bevill filed another civil complaint in this case, dated April 5, 2024, and signed under penalty of perjury, ECF No. 7. This submission named as defendants only Stg. C. Frick and the Patrick County Jail. It did not mention Dillon or White or the claim that Frick assaulted Bevill by hitting him with a can of mace. Rather, the claim section alleged: "On or around 12-26-23 I was handcuffed

-3-

behind my back and while handcuffed I was pepper sprayed multipy [sic] times." Second Am. Compl. 2, ECF No. 7. As relief, this pleading seeks eighty thousand dollars in damages. The Court construed this submission as abandoning Bevill's claims against Dillon and White, terminated those defendants, and sent service paperwork only to Frick and the PCJ. These two defendants, through counsel, have now filed a Motion to Dismiss, arguing that Bevill fails to demonstrate federal jurisdiction and that his allegations fail to state a claim against Frick, because they do not describe any action by this defendant in violation of Bevill's constitutional rights. Bevill has responded to the motion, indicating his intent to continue with the case.[2] Thus, I find the defendants' motion ripe for decision.

## II. DISCUSSION.

"A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint." *Mays ex rel. Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).[3] In considering a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

---

[2] In response to the defendants' motion, Bevill has filed yet another account of events, which he calls his "claim." Resp. 1, 2, ECF No. 19. This filing adds new details not included in any previous submission, and it is not signed under penalty of perjury. I do not consider the new facts in this filing as being properly before the Court in this case. *Maher v. Thomson*, No. 7:21CV00143, 2021 WL 6072566, at *3 (W.D. Va. Dec. 23, 2021) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[3] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

However, the court need not accept legal conclusions, [t]hreadbare recitals of the elements of a cause of action, or conclusory statements." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). Because both of Bevill's prior versions of his Complaint are signed under penalty of perjury, I will consider them as affidavits that must be considered as supplementary to his Second Amended Complaint's version of the facts. *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021).

As stated, Bevill names the PCJ as a defendant. The PCJ, however, a local jail facility, "is not a person within the meaning of the statute. The jail itself is a building, not an entity." *Yates v. Nw. Reg'l Jail*, No. 7:23CV00572, 2024 WL 1417979, at *1 (W.D. Va. Apr. 2, 2024) (applying *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992)). Therefore, the Motion to Dismiss must be granted as to Bevill's claim against the PCJ.

Exercising my obligation to construe Bevill's pro se submissions liberally, however, I construe the three versions of his Complaint as alleging that after he was handcuffed, defendant Frick pepper sprayed him multiple times for something he claims that he did not do. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on convicted prisoners. *Hill v. Crum*, 727 F.3d 312, 317 (4th Cir. 2013). A reviewing court looks to whether the plaintiff has established that "the prison official acted with a sufficiently culpable state of mind (subjective component)" and whether the "injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). The plaintiff must show that, subjectively, the defendant acted "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). On the other hand, the objective element is "contextual and responsive to contemporary standards of decency," and is always satisfied "[w]hen prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). A plaintiff can meet this aspect of the standard by showing that the force used was "nontrivial." *Wilkins*, 559 U.S. at 39.

I conclude that Bevill's factual allegations in the three versions of his Complaint as recited above, taken together, are sufficient to state a possible claim

that Frick used excessive force against Bevill by spraying him multiple times with mace while he was cuffed.[4] Bevill may be able to show that under the circumstances of the pepper spray incident, the use of force was nontrivial and was inflicted to cause harm, rather than as necessary to restore order.[5] Therefore, I will deny the Motion to Dismiss as to Bevill's claim against Frick concerning her use of pepper spray against him after he was handcuffed on December 26, 2023.

### III.  CONCLUSION.

For the reasons stated, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 13, is GRANTED IN PART AND DENIED IN PART; the motion is GRANTED as to all claims

---

[4] However, I construe the Second Amended Complaint as abandoning the claim that Frick hit Bevill with a can of mace and will not consider that claim as properly before me in this case.

[5] Neither Bevill nor the defendants' brief indicates whether Bevill was a pretrial detainee or a convicted felon serving a sentence on December 26, 2023, when the incident occurred.  Excessive force against a pretrial detainee is measured using a Fourteenth Amendment standard — facts showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Factors courts use to determine objective reasonableness include:

> [1] [T]he relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

*Id.* at 397. If Bevill can show that he was a pretrial detainee rather than a convicted felon on December 26, 2023, it is conceivable that he could also show that the degree of force Frick used against him was objectively unreasonable under the *Kingsley* standard.

against the Patrick County Jail, and all claims against that defendant are DISMISSED WITH PREJUDICE; and the motion is DENIED as to the allegations that on December 23, 2023, defendant Frick's use of mace against Bevill after he was handcuffed was excessive force in violation of his constitutional rights;

2. Defendant Frick is DIRECTED to file an Answer and any summary judgment motion within twenty-one days from the date of the entry of this Order.

ENTER: February 19, 2025

/s/ JAMES P. JONES
Senior United States District Judge